# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

## No. 16-4843

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ADRIAN LAMAR SANDERS,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cr-00042-FDW-DSC-8)

---

Submitted: August 29, 2017       Decided: September 8, 2017

---

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Lamar Sanders pled guilty, pursuant to a written plea agreement, to various drug trafficking charges and firearm offenses. On appeal, Sanders' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether Sanders received a legal sentence and whether the Government should have moved for a downward departure. Sanders has not filed a pro se supplemental brief, despite receiving notice of his right to do so. We affirm.

Sanders generally questions the sentence that he received. We review a sentence's reasonableness for abuse of discretion. *United States v. Howard*, 773 F.3d 519, 527-28 (4th Cir. 2014). This court first reviews the sentence for procedural error, such as improper calculation of the Sentencing Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selection of a sentence based on clearly erroneous facts, or failure to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If, and only if, the sentence is procedurally reasonable can this court consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*

We conclude that Sanders' sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range, afforded both parties an adequate opportunity to argue for an appropriate sentence, and allowed Sanders an opportunity to allocute. The court's explanation for Sanders' sentence addressed several of the § 3553(a) factors and was individualized and detailed. The court imposed a

2

sentence within the applicable Guidelines range for his drug offenses and the statutory maximum sentence for his firearm offenses, all to run concurrently. Sanders offers nothing to rebut the presumption of reasonableness that this court affords his within-Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (providing standard).

Sanders also argues that the Government should have moved to reduce his sentence. A court, however, may remedy the Government's refusal to move for a reduction of sentence if: (1) the Government has obligated itself in the plea agreement to move for a reduction; or (2) the Government's refusal to move for a reduction was based on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). The Government did not contractually obligate itself by promising in the plea agreement with Sanders that it would move for a downward departure. Additionally, Sanders does not identify, and the record does not reveal, that the Government refused to move for a reduction because of an unconstitutional motive. Accordingly, this claim fails.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sanders, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanders.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*